## The People of the State of Illinois, Defendant in Error, v. Julius Keyser, Plaintiff in Error.

### (Not to be reported in full.)

Error to the County Court of Wayne county; the Hon. J. V. HEIDINGER, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

## Statement of the Case.

Prosecution by the People of the State of Illinois against Julius Keyser, defendant, in the County Court of Wayne county, charging defendant with wife abandonment. The jury found defendant guilty. To reverse a judgment against defendant for costs, and ordering defendant to pay his wife $416 in weekly payments of $8 for the period of fifty-two weeks, defendant prosecutes this writ of error.

It appeared that Julius Keyser and Leonne Shelton were married on September 30, 1911. Winfield Keyser, the father of Julius, owned a farm with a house thereon, in which he lived with his wife and Julius. The father and son operated the farm as partners and, after the marriage, the son brought the wife to the father's home, and she became one of the family, helping the mother in the housework. In the meantime a son had been born, and the wife was soon to become a mother again. Prior to this time, the regard

of defendant for his wife seems to have waned and at times he refused to speak to her. About October 10, 1913, about a month before her second child was born, he sold his interest to his father for $800, and taking that money with him, and without arranging for the care of his wife and child, went to the northern part of the State. When his wife asked him where he was going he made no satisfactory answer, and stated he was going to Mexico. The mother of Julius refused to take care of her daughter-in-law during her illness, so she was taken to her own mother, who then lived at Fairfield, where she and her two children have since resided. Defendant remained in the north until Christmas, during which time he neither wrote to his wife, nor sent anything for her support. He afterwards went to Mattoon, Illinois, for a short time and then returned to his father's home, where he has since lived. On one occasion following his return, he came where his wife was living, but said that he came to see his son. Neither at that time nor afterwards did he offer to take his wife back, nor did she offer to return, and during this time she was supported by her parents. At no time while apart did he give her anything, prior to the commencement of this suit. Several months after the suit was commenced he gave her $1.50, and also furnished a small amount of secondhand clothing for the children.

RICHARD L. BOGGS and CREIGHTON & THOMAS, for plaintiff in error.

H. S. BURGESS and WILLIAM T. BONHAM, for defendant in error; PATRICK J. LUCEY, of counsel.

Mr. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. HUSBAND AND WIFE, § 274*—*when evidence sufficient to sustain conviction for abandonment.* In a prosecution charging defendant with a misdemeanor under Hurd's Rev. St., ch. 68, sec. 24 (J. & A. ¶ 3431), providing that "every person who shall without good cause abandon his wife, and neglect and refuse to maintain and provide for her * * * shall be deemed guilty of a misdemeanor," evidence *held* sufficient to warrant the ·jury in finding defendant guilty.

2. HUSBAND AND WIFE, § 272*—*what is nature of proceeding against husband for abandonment.* A proceeding under Hurd's Rev. St., ch. 68, sec. 24 (J. & A. ¶ 3431), providing that "every person who shall without good cause abandon his wife, and neglect and refuse to maintain and provide for her * * * shall be deemed guilty of a misdemeanor," is a criminal proceeding and the amount ordered to be paid by defendant is in the nature of a fine assessed against him, although ordered by the statute to be paid to the wife.

3. HUSBAND AND WIFE, § 272*—*how amount of penalty for abandonment determined.* The amount of the penalty to be assessed against a defendant in case of conviction of wife abandonment under Hurd's Rev. St., ch. 68, sec. 24 (J. & A. ¶ 3431), and to be paid to the wife as provided by the statute, is to be determined by the rules relating to the imposition of fines and not by those applicable to cases of separate maintenance.

4. HUSBAND AND WIFE, § 272*—*when amount of penalty for wife abandonment in discretion of court.* The amount of the penalty to be assessed against a defendant in case of conviction of wife abandonment under Hurd's Rev. St., ch. 68, sec. 24 (J. & A. ¶ 3431), must be left somewhat to the discretion of the court.

5. HUSBAND AND WIFE, § 272*—*when no abuse of discretion of court in fixing penalty for wife abandonment.* Where defendant had been convicted of wife abandonment under Hurd's Rev. St., ch. 68, sec. 24 (J. & A. ¶ 3431), an order that defendant pay his wife $8 a week for fifty-two weeks *held* not an abuse of discretion in fixing the penalty provided by such statute, where it appeared that at the time defendant abandoned his wife he had $800 in money, but made no provision for her, and that during a period of about a year and a half intervening between such abandonment and the trial he paid her $1.50 and gave her some secondhand clothes for their children, but made no other provision for her.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.